# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:18-cv-00355-FDW

EDDRICCO LI'SHAUN BROWN-BEY[1], )
                              )
        **Petitioner,**           )
                              )
**vs.**                            )            **ORDER**
                              )
**ERIK A HOOKS, et al.,**       )
                              )
        **Respondents.**      )
_____ )

**THIS MATTER** is before the Court upon initial review of Eddricco Li'shaun Brown-Bey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)

## I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who, according to North Carolina Department of Public Safety ("NCDPS") records, was convicted on September 20, 2016, in Mitchell County Superior Court of one count of drug trafficking, two counts of obtaining a controlled substance by fraud, one count of attempting to obtain a controlled substance by fraud, and attaining the status of an habitual felon.  He was sentenced to 102-135 months in prison.  See NCDPS Public Offender Information, available at

http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view (Offender # 0700738).

According to the instant Petition, Petitioner filed a motion for appropriate relief ("MAR") in Mitchell County, two petitions for writ of habeas corpus in the state courts, and one federal

_____

[1] Incarcerated under the name Eddricco Lishaun Brown.  See North Carolina Department of Public Safety Public Offender Information, available at http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=list (Offender # 0700738 last viewed Dec. 18, 2018).

petition for writ of habeas corpus.  (§ 2254 Pet. 7, Doc. No. 1.)  He provides no other details regarding these filings, but federal court records show that on April 19, 2017, Petitioner filed a petition for writ of habeas corpus in the U.S. District Court for the District of Columbia, demanding to be released from incarceration on the grounds that North Carolina identifies him as "Black" rather than as a Moorish American National, that the term "Black" is a "slave label," and that slaves are property that cannot commit crimes.  See Pet., Brown-Bey v. State of North Carolina, et al., No. 1:17-cv-00722-UNA (D.D.C.), Doc. No. 1.  The D.C. Court dismissed the petition as frivolous.  Id. at Doc. Nos. 3-4.

Petitioner filed the instant § 2254 Petition on November 26, 2018, when he placed it in the prison mail system.  See Houston v. Lack, 487 U.S. 266, 267 (1988).  He claims the state court lacked personal and subject matter jurisdiction to enter judgement against him in 2016 because he is an "indigenous Moor alien"; the NCDPS refuses to release him despite having been given bonds to discharge this matter (under the theory that "all crimes are commercial crimes" and "commercial crimes cannot be part of any legal proceeding"); North Carolina violated the Treaty of Peace and Friendship between Morocco and the United States by failing to contact the government of Morocco to arrange consular assistance for Petitioner prior to and during his trial; and the federal court refuses to inquire into the aforementioned violations of federal law.  (§ 2254 Pet. 6-11.)

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.  The Court shall dismiss the instant Petition as the grounds

raised are based on indisputably meritless legal theories and/or founded upon clearly baseless factual contentions.  See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III.    DISCUSSION

As an initial matter, it does not appear Petitioner has exhausted his claims in state court. Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court.  28 U.S.C. § 2254(b)(1)(A).  That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'"  Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)).  "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'"  Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim.  See O'Sullivan, 526 U.S. at 845.

In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a motion for appropriate relief and petitioning the North Carolina Court of Appeals for a writ of certiorari.  See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422.  Petitioner fails to state whether he filed a direct appeal of his 2016 convictions.  While Petitioner asserts that he raised all these claims in his

MAR, he does not assert that he sought certiorari review in the North Carolina Court of Appeals after the trial court ruled on his MAR.  See O'Sullivan, 526 U.S. at 845.  He, therefore, has not demonstrated that he has exhausted his claims in the state courts prior to filing the instant habeas Petition.  See id.

Nevertheless, a district court has the discretion to deny on the merits a habeas corpus petition containing unexhausted claims.  See a28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be decided on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  The Court finds it will best serve the interest of judicial economy to exercise its discretion and decide the Petition on the merits, as the claims raised therein are frivolous.

Petitioner's purported status as an "indigenous Moor alien"[2] does not place him beyond the reach of federal or state law.  See, e.g., United States v. Toader, 409 F. App'x 9, 13 (7th Cir. 2010) (rejecting as frivolous arguments "that the federal courts lack subject matter jurisdiction over [the defendant] and that the laws he is charged with violating are inapplicable to him because he is a Native Asiatic Moorish National Citizen"); Hampton v. City of Durham, 2010 WL 3785538, at *6–8 (M.D.N.C. Sept. 22, 2010) ("Any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are [by definition] frivolous."); El–Bey v. United States, 2009 WL 1019999, at 1 (M.D.N.C. Jan. 26, 2009)

---

[2] The Merriam-Webster Dictionary defines "indigenous" as "1:  produced, growing, living, or occurring naturally in a particular region or environment."  Merriam-Webster, https://www.merriam-webster.com/dictionary.  It defines "alien" as "1:  a person of another family, race, or nation; 2:  a foreign-born resident who has not been naturalized and is still a subject or citizen of a foreign country, *broadly*:  a foreign-born citizen."  See id.  Thus, Petitioner appears to self-identify as a "native-born" Moor "of another nation."  The Merriam-Webster Dictionary defines "oxymoron" as "a combination of contradictory or incongruous words (such as cruel kindness), *broadly*:  something (such as a concept) that is made up of contradictory or incongruous elements."  See id.

(rejecting a claim of Moorish nation sovereignty as an "attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws"); <u>Great Seal Nat'l Ass'n of Moorish Affairs v. 46th Dist. Ct. of Oakland County</u>, 2007 WL 169850, at *2 (E.D. Mich. Jan. 17, 2007) (dismissing claim that plaintiffs owned several parcels of property by virtue of their Moorish ancestry as "baseless, fantastic and delusional" and finding the complaint to be "indecipherable"); <u>Khattab El v. U.S. Justice Dep't</u>, 1988 WL 5117, at *5 (E.D. Pa. Jan. 22, 1988) (holding that "the United States has not recognized the sovereignty of the Moorish Nation, thus precluding sovereign immunity claims"). Petitioner was born in Mecklenburg County, North Carolina, <u>see</u> "Writ of World Habeas Corpus" at 13, <u>Brown-Bey v. N.C. House of Representatives, et al.</u>, No. 1:16-cv-00375-FDW (W.D.N.C. filed Nov. 9, 2016), Doc. No. 1, and is a U.S. citizen and therefore, unlike foreign diplomats, has no immunity from U.S. or state law. Accordingly, the Court dismisses all claims based on Petitioner's Moorish National theory, as it is an indisputably meritless legal theory and founded upon clearly baseless factual contentions. <u>See</u> <u>Neitzke</u>, 490 U.S. at 327-28.

Petitioner's claim that he should be released from custody because "Respondents have been given bonds for discharging this matter," is based upon his indisputably meritless legal theory that "all crimes are commercial and commercial crimes cannot be part of any legal proceedings" (§ 2254 Pet. 8). If Petitioner's theory had any basis in fact or law, it would not be necessary for Respondents to be "given bonds for discharging this matter." This claim is dismissed as frivolous.

Assuming for the sake of argument that the Treaty of Peace and Friendship between Morocco and the United States grants a citizen of Morocco arrested in the United States access to consular officials, such a fact is of no help to Petitioner. While Petitioner may refer to himself as

an "indigenous Moor alien," that self-identification does not make him a citizen of Morocco or entitle to him to any of the benefits that may accompany that citizenship. As noted, Petitioner is a citizen of the United States based upon his birth in Mecklenburg County, North Carolina. He has provided no evidence that he is a citizen of Morocco. Therefore, his claim has no basis in fact and shall be dismissed as frivolous.

Finally, Petitioner's fourth ground for relief – that the federal courts have refused to inquire into his Moorish National identity-based claims – is not cognizable on habeas review. A federal court may review a habeas corpus claim raised by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Petitioner is not in custody because federal courts have refused to inquire into his previously raised Moorish National identity claims; he is in custody because he was convicted of state crimes and sentenced to a lengthy prison term.

Moreover, as noted, a federal court may dismiss claims that are based on indisputably meritless legal theories and/or founded upon clearly baseless factual contentions, see Neitzke, 490 U.S. at 327-28. All of Petitioner's Moorish National identity claims have been found by federal courts to be based on indisputably meritless legal theories and/or founded upon clearly baseless factual contentions.[3] Thus, it is not the case that federal courts have refused to "inquire into" those claims. See id.

---

[3] See Brown-Bey v. N.C. House of Representatives, et al., No. 1:16-cv-00375-FDW (W.D.N.C. Jan. 27, 2017) (dismissing habeas petition based on Moorish National identity as frivolous); Brown-Bey v. State of North Carolina, et al., No. 1:17-cv-00722-UNA (D.D.C. April 19, 2017) (same); Brown-Bey v. Mecklenburg Cnt'y Health Dep't (Vital Records), et al., No. 3:17-cv-00279-FDW (W.D.N.C. June 16, 2017) (dismissing civil complaint based on Moorish National identity as frivolous); Brown-Bey v. Hooks, et al., No. 1:18-cv-00015-FDW (W.D.N.C. Jan. 26, 2018) (same); Brown-Bey v. Hooks, et al., No. 3:18-cv-00083-FDW (W.D.N.C. April 27, 2018) (dismissing civil complaint pursuant to Prison Litigation Reform Act's three-strikes rule, 28 U.S.C. § 1915(g)); Brown-Bey v. Hooks, et al., No. 3:18-cv-00460-FDW (W.D.N.C. Sept. 26, 2018) (dismissing civil complaint based on Moorish National identity as frivolous).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED with prejudice** as frivolous;

2. The Court waives the filing fee in this action, but certifies that any appeal by Plaintiff will not be made in good faith; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 21,  2018

Frank D. Whitney
Chief United States District Judge